21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellant,
v.
Francisco Baleto AGUON, Defendant-Appellee.
 No. C.A. 93-10307.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1994.*
Decided April 13, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury in the District Court of Guam convicted Francisco Aguon of aggravated murder and of possession of a deadly weapon in the commission of aggravated murder. Concluding that the district judge erroneously instructed the jury on the burden of proof, the District Court of Guam, Appellate Division reversed Aguon's conviction and remanded the case for a new trial. We reverse the decision of the appellate division.
 
 
 3
 Because Aguon raised an objection to the manslaughter instruction, we review the district judge's formulation of the instruction for an abuse of discretion. We consider whether the instructions taken as a whole and viewed in the context of the entire trial were misleading or inadequate to guide the jury's deliberations. United States v. Kessi, 868 F.2d 1097, 1101 (9th Cir.1989); United States v. James, 576 F.2d 223, 227 (9th Cir.1978). Although Aguon's counsel did not object to the judge's final formulation of the manslaughter instructions, he did raise objections as mistakes were being made. We do not require counsel to continue raising an objection when to do so would be a "pointless formality." Kessi, 868 F.2d at 1102.
 
 
 4
 Under Guam law, murder--as opposed to aggravated murder--committed under extreme mental or emotional disturbance is mitigated to manslaughter. Territory of Guam v. Quichocho, 973 F.2d 723, 725 (9th Cir.1992), cert. denied 113 S.Ct. 1014 (1993). While explaining that manslaughter required the defendant to show the existence and reasonableness of extreme mental or emotional disturbance by a preponderance of the evidence, the district judge mistakenly told the jury that the same burden of proof applied to the question of Aguon's guilt or innocence on the manslaughter charge. Aguon contends that the judge's first attempt to correct the error compounded it by repeating the erroneous summary of the burden of proof without adequately specifying where the error lay. He further argues that the mistakes in the manslaughter instructions confused the jury as to the proper standard to apply when considering his claims of self-defense and intoxication.
 
 
 5
 The reasonable-doubt standard is a fundamental attribute of the American criminal justice system. "It is a prime instrument for reducing the risk of convictions resting on factual error," and maintains the community's confidence in the fairness of the criminal law. In re Winship, 397 U.S. 358, 363, 364 (1970). A judge has considerable latitude in formulating the instructions to the jury. United States v. Bordallo, 857 F.2d 519, 527 (9th Cir.1988), cert. denied, 493 U.S. 818 (1989). But due process requires that instructions on the burden of proof must not be so vague or ambiguous as to permit the jury to apply the wrong standard. Notaro v. United States, 363 F.2d 169, 175 (9th Cir.1966); see also Winship, 397 U.S. at 364.
 
 
 6
 Any confusion that might have resulted from the manslaughter instructions would not have clouded the jury's understanding that the prosecution bore the burden of proving beyond a reasonable doubt every element of the aggravated murder charge. After recognizing his error, the judge read the jury the statutory definition of manslaughter, which includes the proper statement of the burden of proof for that charge. This was the final word the jury heard on the matter, after the judge candidly had acknowledged that his earlier instructions were erroneous. The judge minimized the danger that any lingering confusion might metastasize throughout the jury's consideration of the other charges by repeatedly emphasizing that the instructions on manslaughter applied only to that charge. Moreover, the judge had already given accurate and detailed instructions as to the reasonable-doubt standard, the elements of the other charges, and the relation of Aguon's self-defense and intoxication claims to those charges.
 
 
 7
 In Quichocho, we held that because "extreme mental and emotional disturbance" is not a defense to aggravated murder--but only mitigates ordinary murder--the district court did not err in refusing to instruct the jury to consider the murder and manslaughter charges simultaneously. Once a jury concludes that a defendant acted with premeditation, it cannot also rationally decide that his actions resulted from an "extreme mental and emotional disturbance." Therefore, if a jury reaches a guilty verdict on an aggravated murder charge, it has no reason to consider a manslaughter charge. Quichocho, 973 F.2d at 725-26.
 
 
 8
 The government argues that our holding in Quichocho necessarily leads to the conclusion that an erroneous manslaughter instruction can never taint an aggravated murder conviction. We reject the government's argument. Unless cured by a correct statement of the law or by the other instructions, it is quite possible that an erroneous instruction on manslaughter could muddle a jury's understanding of the proper burden of proof to apply on the aggravated murder charge. We simply hold that the judge's corrective measures and the instructions as a whole ensured that Aguon's jury understood the reasonable-doubt standard.
 
 
 9
 We REVERSE the decision of the appellate division and reinstate the verdict of the district court.
 
 
 10
 HUG, Circuit Judge, dissenting.
 
 
 11
 I respectfully dissent and would reverse the judgment and remand for a new trial based on the reasons expressed in the opinion of the Appellate Division of the District Court of Guam.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3